1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERCE PERRY, DANA BAIRFIELD,
CHARLES BREED, RASHAAN
JOHNSON, and TIMOTHY BUFORD,

    Plaintiffs,                          No. CIV S-06-2070 WBS DAD P

    vs.

CRIMINAL RESPONSE TEAM, et al.,

    Defendants.                     <u>ORDER</u>

/

        Plaintiffs have filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Although the caption of the complaint lists five plaintiffs, neither the complaint itself nor the accompanying motion for preliminary injunction bears the signature of any plaintiff other than Berce Perry.[1] The required filing fee has not been paid, and no plaintiff has filed an application to proceed in forma pauperis.

        Plaintiff Perry, a pretrial detainee in the Solano County Jail, alleges that the defendants have violated plaintiffs' First and Fourteenth Amendment rights. The complaint on

---

[1] Each of the five plaintiffs separately signed and filed a form declining to proceed before the magistrate judge for all purposes. (<u>See</u> documents docketed in this case as #4, 5, 6, 7, and 9.)

1

file is titled "Class Action Complaint" and alleges that the class consists of more than one thousand African-Americans and other minorities currently confined as pretrial detainees in the Solano County Jail, as well as all such persons so confined in the future. The complaint alleges that the named plaintiffs cannot represent the class and therefore seek appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the plaintiffs have not demonstrated that they are indigent, and their complaint does not demonstrate the existence of exceptional circumstances. Plaintiffs' request for appointment of counsel will therefore be denied.

It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when the putative class representatives are in custody and are proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). The five plaintiffs in this case cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action cannot proceed as a class action, and the court will construe the case as an individual civil suit brought by five individuals.

Under the rules that govern civil cases in federal court,

> [p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

1          In this court's experience, an action brought by multiple inmate plaintiffs
2   proceeding pro se presents procedural problems that cause delay and confusion.  Delay often
3   arises from transfer of inmates, changes in address when inmates are released, and difficulties
4   faced by inmates who attempt to communicate with each other in the same institution and with
5   unincarcerated individuals.  Indeed, less than one month after this action was opened, plaintiff
6   Charles Breed filed a notice of change of address reflecting that he is no longer confined in the
7   Solano County Jail.  Accordingly, the court finds that each of the five plaintiffs in this case
8   should proceed separately on his own claims.

9          The five plaintiffs' claims will be severed.  Plaintiff Perry will proceed in this
10  action, while plaintiffs Bairfield, Breed, Johnson, and Buford will proceed in four new civil
11  actions that will be opened by the Clerk of the Court.  Each plaintiff will proceed with his own
12  individual action and will be solely responsible for his own case.

13         The Clerk of the Court will be directed to assign the four new actions to the same
14  district judge and magistrate judge assigned to this action.  The Clerk will also be directed to
15  make appropriate adjustment in the assignment of civil cases to compensate for the reassignment.

16         Each plaintiff will be given thirty days to file, in his own action, an amended
17  complaint presenting only his individual claims.  Each plaintiff must pay the $350.00 filing fee
18  for his action or submit a properly completed application to proceed in forma pauperis.  Each
19  plaintiff is required to use the complaint form provided by the court with this order.  Any
20  plaintiff who seeks leave to proceed in forma pauperis must use the application form provided
21  with this order.  See 28 U.S.C. § 1915(b).

22         In light of the fact that this action has been construed as an individual action and
23  the class complaint has been dismissed with leave to amend, plaintiff Perry's motion for
24  preliminary injunction based on the class complaint will be denied.

25  /////
26  /////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. The claims of plaintiffs Dana Bairfield, Charles Breed, Rashaan Johnson, and
3  Timothy Buford are severed from the claims of plaintiff Berce Perry.

4       2. Plaintiff Berce Perry shall proceed as the sole plaintiff in case No. CIV S-06-
5  2070 WBS DAD P.

6       3. The Clerk of the Court is directed to:

7           a. Open four separate civil actions for plaintiffs Dana Bairfield, Charles
8       Breed, Rashaan Johnson, and Timothy Buford;

9           b. Assign each of the four new actions to the district judge and magistrate
10      judge to whom the present case is assigned and make appropriate adjustment in
11      the assignment of civil cases to compensate for such assignment;

12          c. File and docket a copy of this order in each of the four new cases
13      opened for plaintiffs Dana Bairfield, Charles Breed, Rashaan Johnson, and
14      Timothy Buford;

15          d. File and docket a copy of the complaint filed September 18, 2006, in
16      the four cases opened for plaintiffs Dana Bairfield, Charles Breed, Rashaan
17      Johnson, and Timothy Buford; the September 18, 2006 motion for preliminary
18      injunction shall not be filed in the four new cases;

19          e. Strike from the caption of each plaintiff's complaint all plaintiffs'
20      names except the name of the individual plaintiff proceeding in the action; and

21          f. Send each plaintiff an endorsed copy of his own complaint bearing the
22      amended caption and the case number assigned to his own individual action.

23      4. Each plaintiff's complaint is dismissed with leave to amend.

24      5. Each plaintiff is granted thirty days from the date of this order to file an
25 amended complaint in his own case, together with the $350.00 filing fee or a properly completed
26 application to proceed in forma pauperis, using the forms provided with this order.  Each

4

1 plaintiff's documents must bear the docket number assigned to his own individual case, and each
2 complaint must be labeled "Amended Complaint."  Failure to file an amended complaint together
3 with the required filing fee or a properly completed application to proceed in forma pauperis will
4 result in a recommendation that the plaintiff's action be dismissed without prejudice.

5       6.  Plaintiff Perry's motion for preliminary injunction filed in this action on
6 September 18, 2006, is denied.

7       7.  The Clerk of the Court is directed to send each plaintiff the form for filing a
8 prisoner's civil rights action under 42 U.S.C. § 1983, along with an Application to Proceed In
9 Forma Pauperis By a Prisoner.

10 DATED: November 17, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14 DAD:13
perr2070.2

1