IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BUFORD,

      Plaintiff,                        No. CIV S-06-2611 WBS DAD P

     vs.

CRIMINAL RESPONSE TEAM, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is confined at Solano County Jail and is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 20, 2006, the court ordered that plaintiff's claims be severed from those presented by plaintiff Berce Perry in the case <u>Perry, et al. v. Criminal Response Team, et al.</u>, No. Civ S-06-2070 WBS DAD P.[1] Plaintiff Buford was directed to file his own amended complaint and the $350.00 filing fee or an application to proceed in forma pauperis. On December 26, 2006, plaintiff filed a motion requesting a 30-day extension of time to file his amended complaint and in forma pauperis application. The court will grant plaintiff an extension of time.

---

[1] The court ordered that each of the five plaintiffs proceed with his own individual action and be solely responsible for his own case.

1

With respect to plaintiff's application to proceed in forma pauperis, review of the court records reveals that on at least three occasions prior to the filing of this action lawsuits filed by plaintiff in this district were dismissed on grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[2]  See Order filed 1/25/01 in Buford v. Gray, CIV F-00-6206 OWW SMS P; Order filed 3/21/01 in Buford v. Fresno Co. Jail, CIV F-00-5542 OWW HGB P; Order filed 12/16/02 in Buford v. Hicks, CIV F-02-5265 AWI DLB P; Order filed 6/21/04 in Buford v. Rivera, CIV F-01-5007 FEC LJO P.  Plaintiff was incarcerated when he brought each of these actions and plaintiff either he did not take an appeal from the final judgments, or the appeal was dismissed or judgment affirmed.

A prisoner or detainee may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915 (g).  Therefore, when plaintiff files his amended complaint, he must also pay the $350.00 filing fee, unless he can demonstrate that he is under imminent danger of serious physical injury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 26, 2006 motion for an extension of time to file his amended complaint is granted;

2. With his amended complaint, plaintiff must either pay the $350.00 filing fee or file an in forma pauperis application and a statement which demonstrates that plaintiff is under imminent danger of serious physical injury; and

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: January 5, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bufo2611.eot